# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL COLLINS BAUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-758-R |
| ) | |
| DELYNN FUDGE, in her Individual and ) | |
| Official Capacity as Executive Director ) | |
| Of the Oklahoma Parole Board, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se,* filed this action pursuant to 28 U.S.C. § 1983, alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 19, 2019, Judge Erwin issued a Report and Recommendation wherein he recommends that the action be dismissed upon screening as time-barred or alternatively be dismissed because Plaintiff has failed to state a claim. (Doc.No. 6). The case is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having complied with this obligation, the Court finds as follows.

On June 18, 1998, Mr. Bauder was sentenced to life imprisonment following his conviction on a single count of murder in the District Court of Cleveland County, Case No. CRF-1997-1190. He has had three unsuccessful parole hearings, one each in 2012, 2015,

and 2018. He contends that Defendant Fudge, former Executive Director of the State Pardon and Parole Board, in both her official and individual capacities, is violating his due process rights, because the Board failed to comply with certain state law requirements, including Okla. Stat. tit. 57 § 332.7.[1] The crux of Plaintiff's position is his contention that the 1997 Oklahoma Truth in Sentencing Act, which applied to offenders who committed crimes before July 1, 1998, requires the Board to create procedures to determine what sentence a prisoner would have received under certain sentencing matrices that were part of the Act. Petitioner contends the Board has failed to meet its statutory obligation.[2]

Because Plaintiff had a parole hearing in 2012, Judge Erwin recommends dismissal of his claims as time barred. Plaintiff does not challenge Judge Erwin's conclusion that the statute of limitations on his claim is two years. Rather, he asserts that his claims are premised on his 2018 parole hearing.

> Plaintiff's claim is based on his reconsideration in relation to the Board's 2018 hearing, the clear language of the statute and not as successive denial of parole being a new inquiry but being denied the mandated procedure for his crime committed prior to July 1, 1998, of what sentence he would have received pursuant to the Truth-in-Sentencing-Applicable Matrix- Sentencing and Release guidelines "Indeterminate Sentencing System" provisions in Section 6, 598, 599,600 and 601, Chapter 133, O.S.L. 1997 re-enacted and revived by effective dates in 57 O.S. Supp. 1998-2018, § 332.7.

(Doc. No. 7, pp. 4-5). Plaintiff's argument does not rebut the Magistrate Judge's conclusion that his claims are time barred. Plaintiff appeared before the parole board in 2012, which

---

[1] Defendant Fudge was replaced by Steven Bickley as Executive Director of the Board of Pardon and Parole, and therefore, pursuant to Federal Rule of Civil Procedure 25(d) Mr. Bickley should be substituted for Defendant Fudge in her official capacity.
[2] Petitioner also invokes 34 U.S.C. § 12101 as a basis for relief. That federal act addresses Violent Offender Incarceration grants and Truth-in-Sentencing Incentive grants. Nothing in these provisions provides Plaintiff with a cause of action or implicates his due process rights.

then, as now, had not applied what Plaintiff contends is the mandatory matrix determination.³ Furthermore, any such claim fails on the merits and therefore is subject to dismissal upon screening.

Oklahoma's Truth in Sentencing Act "originally included matrices of sentencing ranges for various crimes." *Seegars v. Ward*, 124 F.App'x 637, 638 (10th Cir. Mar. 23, 2005).

> Mr. Seegars' claim is this: under subsection (B)(2) [now (F)] he had a right to have his life sentence modified to a determinable number of years. The Department never promulgated the required rules under the 1997 law and as such, argues Mr. Seegars, unlawfully subjected him to a harsher result.

*Id.* at *2. The Tenth Circuit noted that "the Oklahoma legislature soon repealed the sentencing matrices, [but] the matrices are still used in calculating parole eligibility dates." *Id.* at *1 (citing Okla. Stat. tit. 57 § 332.7(A)(3)). The court concluded that, despite its confusing language, § 332.7(F) focuses "exclusively on the calculation of parole eligibility dates and thus could not have altered the definition of criminal conduct nor increased punishment for a crime. See Okla. Stat. tit. 57, § 332.7(B)(2) (Supp.1997); id. § 332.7(F) (Supp.1999)." *Id.* at *2; *see also Ward v. Province*, 283 F. Appx. 615, 617-18 (10th Cir. June 27, 2008)(Truth in Sentencing legislation applied to petitioner only for purposes of calculating the date of his eligibility for parole consideration).

To the extent Plaintiff believes he has a due process right to certain procedures with regard to parole consideration, his claims are further subject to dismissal.⁴ The court in

---

³ Plaintiff does not identify any procedure or result that changed between his first hearing in 2012 and his most recent hearing in 2018.
⁴ Plaintiff argues that he has certain rights under 332.7(A)(1), (F), (G), and (O). Plaintiff was considered for parole, unfavorably, upon completion of 1/3 of his sentence, consistent with § 332.7(A)(1).

3

*Seegars* rejected Plaintiff's § 332.7(G) argument.[5] Subsection (F), cited by Plaintiff provides, "Any person in the custody of the Department of Corrections for a crime committed prior to July 1, 1998, who has been considered for parole on a docket created for a type of parole consideration that has been abolished by the Legislature shall not be considered for parole except in accordance with this section." Subsection (F) provides no substantive rights that would give rise to a due process claim. Parole and commutation in Oklahoma are discretionary and provide no due process rights to either parole or commutation. *Ward v. Province*, 283 F.Appx at 618; *see also Clark v. Fallin,* 654 F. App'x 385, 388 (10th Cir. June 28, 2016)*(rejecting Oklahoma prisoner's challenge to the denial of parole "as well as the process by which" he was denied parole on grounds no liberty interest in parole exists under Oklahoma law); Jackson v. Standifird*, 503 F. App'x 623, 625 (10th Cir. 2012) (Oklahoma prisoner had no liberty interest in parole and therefore could not make a claim for a denial of procedural or substantive due process). Subsection (O) similarly confers no rights, it merely provides a cross-reference regarding the matrices. Therefore, Plaintiff's reliance on those sections fails to provide a basis to avoid screening of his Complaint.[6]

---

[5] Subsection (G) of § 332.7 provides:
> G. The Pardon and Parole Board shall promulgate rules for the implementation of subsections A, B and C of this section. The rules shall include, but not be limited to, procedures for reconsideration of persons denied parole under this section and procedure for determining what sentence a person eligible for parole consideration pursuant to subsection A of this section would have received under the applicable matrix.

The Tenth Circuit has explained,
> The amended statute was passed as part of the Truth in Sentencing Act, which originally included matrices of sentencing ranges for various crimes. Although the Oklahoma legislature soon repealed the sentencing matrices, the matrices are still used in calculating parole eligibility dates. See Okla. Stat. tit. 57, § 332.7(A)(3) (Supp.2004).

*Seegars,* 124 F. Appx. at 638.

[6] Plaintiff does not object to Judge Erwin's conclusion that he fails to state an equal protection claim; however, any

Finally, to the extent the original Complaint references clemency, and Plaintiff's belief that he is entitled to such, his claim is subject to dismissal upon filing for failing to state a claim. The Tenth Circuit has held that the Oklahoma Board of Pardon and Parole "has discretion to decide whether to consider an offender for clemency, so there is no constitutionally protected liberty interest." *Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008); *see also Parker v. Dowling*, 664 F. App'x 681, 682 (10th Cir. 2016)(under Oklahoma law, the "prospect of commutation is necessarily a speculative event, one in which the prisoner has no liberty interest protected by the Due Process Clause" (internal quotation marks and citations omitted). Simply stated, Plaintiff had no right to commutation and therefore has failed to state a claim regarding the Board's procedures related thereto.

For the reasons set forth herein and in the Report and Recommendation, which is hereby ADOPTED, this action is DISMISSED upon screening.

IT IS SO ORDERED this 10th day of October 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

such claim would fail for the reasons set forth in the Report and Recommendation.